IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Rosario Cardenas-Rayos,<br><br>    Defendant. | NO.   CR 16-00562-TUC-JAS(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

On February 25, 2016, Defendant Rosario Cardenas-Rayos was arrested for illegal re-entry into the United States. The Defendant was indicted on March 23, 2016 [Doc. 10]. On May 13, 2016, Defendant filed a Motion to Suppress Statements [Doc. 19]. The Government filed its Response [Doc. 24] on May 16, 2016.

The matter came on for Evidentiary Hearing before the Court on June 7, 2016. The Government called as a witness Border Patrol Agent Tracy Hicks.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **DENYING** Defendant's Motion to Suppress [Doc. 19].

## FACTS

On February 25, 2016, U.S. Border Patrol Agent Tracy Hicks responded to a radio dispatch about a possible illegal alien at the Chevron gas station in Ajo, Arizona. She arrived at the station 25-30 minutes after the call.

1   Upon arrival, she observed a Pima County Sheriff's Officer (PCSO) and truck. In the
2 rear seat of the vehicle, she saw a man without handcuffs. The PCSO deputy was standing
3 inside the open door next to the rear seat occupant (the Defendant). Agent Hicks spent about
4 5 minutes talking to the PCSO deputy before she approached the occupant.

5   Agent Hicks then, in Spanish, asked the occupant if he spoke English. The man said
6 yes. She then asked him if he was here illegally. He said, "Yes." Then she asked if he had
7 been deported before and he responded, "Yes."

8   At that point, the occupant was moved into the back seat of the Border Patrol vehicle.
9 The occupant became the Defendant and definitely was not free to leave. He was, however,
10 not handcuffed nor exactly told that he was under arrest.

11   After Agent Hicks asked the Defendant some administrative questions, which are
12 essentially identical to post-Miranda questions, the Defendant was transported to the Border
13 Patrol Station in Ajo. At the station, when the Defendant was advised of his rights pursuant
14 to Miranda, the Defendant invoked his right to remain silent.

15   At trial, the Government does not intend to introduce the Defendant's administrative
16 answers to Border Patrol's questions. The only matters at issue are the Defendant's
17 statements to Agent Hicks.

18   The evidence presented is less than what was asserted by both parties in their
19 pleadings filed with the Court. The discussion herein is, therefore, based on what was
20 presented, rather than what is asserted.

21   The Defendant was detained by a State law enforcement officer on his apparent belief
22 that the Defendant was illegally in the United States. The Federal agent who responded to
23 the scene appeared as quickly as time and distance permitted.

24   After a brief discussion with the detaining deputy, the agent proceeded to question the
25 Defendant. From this, she learned in this order: the Defendant spoke English, was here
26 illegally, and had been previously deported.

27   At the point the Defendant admitted being here illegally, the status quo of his
28 detention for investigatory purposes changed. The Defendant was now in the permanent

1  custody of the Border Patrol.  The question about the Defendant's deportation history was
2  prosecutorial.  There is no answer that would have resulted in the Defendant's release.

## **CONCLUSION**

It is the recommendation of this Court that the District Judge, after his independent review and consideration, enter an Order **DENYING** Defendant's Motion to Suppress [Doc. 19] insofar as it relates to the first two questions asked of Defendant Rosario Cardenas-Rayos, but **GRANTING** it as to his deportation.  It is further the recommendation of this Court **ACCEPTING** the Government's declaration that the on-scene administrative statements would not be used in the Government's case-in-chief.

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court.  Any objections and Responses to objections filed should be filed as CR 16-00562-TUC-JAS.  No Replies shall be filed unless leave is granted from the District Court.

DATED this 21st day of June, 2016.

_____
Bernardo P. Velasco
United States Magistrate Judge